UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHERLY L. HARPER,                )
                                 )
        Plaintiff,                )
                                 )
v.                               )    3:05-CV-106
                                 )    (VARLAN/SHIRLEY)
                                 )
JO ANNE B. BARNHART,             )
Commissioner                     )
of Social Security,              )
                                 )
        Defendant.                )

# REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for judgment on the pleadings [Doc. 14] and the defendant's motion for summary judgment. [Doc. 16]. Plaintiff Cherly L. Harper seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the currently alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible when analyzed under the applicable Regulatory criteria in light of the clinical and diagnostic findings discussed herein.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 404.1527).

7. The claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, and to sit or stand/walk each for 6 of 8 hours, provided she perform no continuous postural activities or work around pulmonary irritants and that accommodation be made for her inability to perform complex job tasks.

8. The claimant's past relevant work as data entry clerk, substitute teacher and cashier did not require the performance of work-related activities precluded by her residual functional capacity (20 C.F.R. § 404.1565).

9. The claimant's medically determinable impairments do not prevent the claimant from performing her past relevant work.

10. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. § 404.1520(e)).

(Tr. 23-24).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health & Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

First, plaintiff argues that the ALJ erred in not considering the entire record in determining that she had the residual functional capacity ("RFC") to perform a range of light work, including her past relevant work as a data entry clerk, a substitute teacher, and a cashier.

3

Specifically, she asserts that the ALJ failed to properly consider her severe pain, noting that "fibromyalgia cases typically lack strong objective evidence."

However, the Commissioner contends that the ALJ properly considered the entire record in determining plaintiff's RFC. She maintains that the ALJ accepted that plaintiff had fibromyalgia and noted that it is typical for complaints to outweigh the objective evidence in fibromyalgia cases. (Tr. 19, 22). Moreover, the Commissioner points out that the ALJ discussed the treatment records supplied by plaintiff's treating physician, the results of the consultative examinations, and the findings of the state agency reviewing physicians, as well as plaintiff's testimony, and expressly stated that he considered the entire record. (Tr. 17-23).

Next, plaintiff argues that the ALJ did not give a good reason for discounting the opinion of Dr. Smoak, her treating physician of over 13 years, noting that "Dr. Smoak's treatment notes and available records consists of over 100 pages which contain consistent and classic fibromyalgia complaints."

However, the Commissioner insists that the ALJ reasonably weighed Dr. Smoak's opinion and explained why he did not give much weight to the opinion of Dr. Smoak. (Tr. 21-22). She notes that instead of detailing the medical findings supporting his assessment that plaintiff had severe functional limitations, Dr. Smoak merely described plaintiff's symptoms (multiple trigger points and stiffness) and provided only conservative treatment, noting that he did not refer her to any specialists, which would be warranted if her functional limitations were as severe as his opinion suggested. (Tr. 22). Furthermore, the ALJ noted that although Dr. Smoak's April 2001opinion asserted that plaintiff had very limited mobility (Tr. 111), plaintiff

4

did not see Dr. Smoak at all between September 2001and February 2002. (Tr. 166-67). Also, the Commissioner points out that plaintiff reported a flare-up of her fibromyalgia in March 2002, but had no complaints about her fibromyalgia at a follow-up visit later that month (Tr. 164), and at an office visit on April 2002, Dr. Smoak observed that plaintiff's fibromyalgia had "flared up a bit, but [was] tolerable" and that she was in no acute distress. (Tr. 163). Furthermore, the Commissioner argues that Dr. Smoak's treatment notes do not reflect that he performed any range of motion studies and that the ALJ referenced that consultative physician Dr. Summers performed an examination that revealed that plaintiff had full range of motion in all her major joints, with no signs of muscle weakness, and no ambulatory difficulties. (Tr. 21, 121).
Accordingly, the Commissioner maintains that the ALJ reasonably explained the weight given to Dr. Smoak's opinion.

Lastly, plaintiff asserts that the ALJ erred in his credibility determination, arguing that evidence supports her complaints of disabling pain. (Tr. 22). The Commissioner notes that while the ALJ acknowledged that plaintiff had significant impairments resulting in substantial restrictions, he found that the medical and other evidence did not support a finding of disability. (Tr. 22). The Commissioner maintains that the ALJ accurately summarized Dr. Smoak's treatment records describing "flare-ups" in June 2000, July 2001, March 2002, April 2002, and June 2002 ( Tr. 160, 163, 165, 171, 190) and that his records reflect that plaintiff did not receive treatment from November 1999 until June 2000 (Tr. 190-91), from September 2000 until April 2001 (Tr. 184, 186), and from September 2001 until February 2002. (Tr. 166-67). Furthermore,

5

the ALJ noted that plaintiff received conservative medical treatment in general and that despite complaining of shortness of breath and depression as disabling conditions, plaintiff continued to smoke against medical advice, had never sought or been referred for mental health treatment, and had declined to continue using prescription anti-depressants. (Tr. 22). Also, the ALJ noted inconsistencies in plaintiff's activities and pain levels reflected in the treatment notes and her testimony at the administration hearing. Id.

In light of the foregoing, I find the Commissioner's arguments persuasive in this matter. The burden is on plaintiff through Step 4 of the evaluation process. 20 C.F.R. § 404.704; Boyes v. Secretary of Health and Human Services, 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)). At Step 4, the ALJ compares the plaintiff's RFC to the requirements of her past work and determines whether the past work required her to perform activities in excess of her RFC. 20 C.F.R. § 404.1520(e). If the plaintiff's past work does not require her to perform activities in excess of her RFC, she is not disabled. 20 C.F.R. § 404.1560(b).

I agree with the Commissioner that the ALJ considered the entire record by discussing the treatment records of Dr. Smoak; the opinions of the consultative examiners; the state agency, reviewing physicians; and plaintiff's testimony. (Tr. 19-22). Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (a written report of a consultant physician who has examined the claimant can constitute substantial evidence.); 20 C.F.R. § 404.1527(d)(2) (Although a treating physician's opinion is generally afforded substantial weight, it may be discounted if good cause is shown.); 20 C.F.R. § 404.1527(f)(2)(i) ("State agency

6

Case 3:05-cv-00106   Document 18   Filed 09/02/05   Page 6 of 8   PageID #: 7

medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation."). With respect to Dr. Smoak's opinion, I agree with the Commissioner that Dr. Smoak mentions trigger points and stiffness in his treatment notes, but his notes do not include objective test results supporting his conclusion of severe limitations. Cutlip v. Secretary of Health and Human Services, 25 F.3d 284, 287 (6th Cir. 1994) (controlling weight may not be given to a treating source's medical opinion unless the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is "not inconsistent" with the other substantial evidence of record); 20 C.F.R. § 404.1527(d)(2) (although a treating physician's opinion is generally afforded substantial weight, it may be discounted if good cause is shown). While the ALJ accepted plaintiff's diagnosis of fibromyalgia, it is not enough to show a diagnosis of fibromyalgia because the condition is not usually disabling. See Estok v. Apfel, 152 F.3d 636, 640 (7th Cir. 1998) (citing Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996)). The issue is whether plaintiff's fibromyalgia is so severe that it prevents her from working. Tennant v. Apfel, 224 F.3d 869, 870 (8th Cir. 2000). I agree with the Commissioner that the ALJ reasonably concluded, based on all of the evidence in the record, that plaintiff's condition did not preclude her from performing past work.

Lastly, I find no error with the ALJ's credibility determination. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987) (the ALJ's credibility finding is entitled to considerable deference); Villarreal v. Secretary of Health and Human Services, 818 F.2d 461, 464 (6th Cir. 1987) ("Determination of disability from pain is

peculiarity within the province of the ALJ."). The ALJ noted that although plaintiff alleged depression, she sought no specialized mental health treatment and declined to use anti-depressant medication. (Tr. 22) <u>Blacha v. Secretary of Health and Human Services</u>, 927 F.2d 228, 231 (6th Cir. 1990) (An individual's failure to seek regular ongoing treatment is a factor which may properly be considered in assessing plaintiff's subjective complaints.). Moreover, the ALJ noted that plaintiff continued smoking cigarettes, although she claimed a breathing disorder, and pointed out that plaintiff's activities, such as planning a weekend trip, attending a soccer tournament, and participating in a Girl Scout event, undercut her claims of disability. (Tr. 22) 20 C.F.R. § 404.1529(3)(i) (daily activities will be considered when evaluating intensity and persistence of alleged pain symptoms). Therefore, this issue is without merit.

Based on the foregoing, I find that plaintiff has failed to meet her burden of proving a disability. Accordingly, it is hereby **RECOMMENDED**[1] that the plaintiff's motion for judgment on the pleadings [Doc. 14] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

   s/C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide <u>de novo</u> review where objections to this report and recommendation are frivolous, conclusive or general. <u>Mira v. Marshall</u>, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. <u>Smith v. Detroit Federation of Teachers</u>, 829 F.2d 1370 (6th Cir. 1987).